IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | | |
| | : | |
| vs. | : | CRIMINAL NO. 1:CR-06-041 |
| | | CIVIL NO. 1:CV-08-0048 |
| | : | |
| CEDRIC D. SIMMONS, | | |
| Defendant | : | |

*M E M O R A N D U M*

*I.    Introduction*

We are considering a motion filed under 28 U.S.C. § 2255 by Defendant Cedric D. Simmons, an inmate at Federal Correctional Institution-Allenwood. (doc. 67). Upon initial review, we dismissed the first claim and required the Government to respond to the ineffective assistance of counsel claim. (doc. 69). The Government has responded to Simmons' motion (doc. 74), and Simmons has filed a reply (doc. 75) along with a brief (doc. 71) concerning our dismissal of the first claim. We will now dismiss the remaining claim in Simmons' motion.

*II.   Background*

On May 22, 2006, Simmons entered into a plea agreement whereby he pleaded guilty to distribution and possession with

intent to distribute an indeterminate amount of crack cocaine in violation of 21 U.S.C. § 841(a)(1).  Simmons was sentenced to 168 months' imprisonment based in part on his status as a career offender pursuant to § 4B1.1 of the Sentencing Guidelines.  In entering into the plea agreement, Simmons preserved his right to appeal the denial of his motion to suppress evidence obtained pursuant to a search of his vehicle and his person.  The Third Circuit affirmed Simmons' conviction, determining that the denial of Simmons' suppression motion was proper.  *United States v. Simmons*, No. 06-3902, 2007 WL 3122169 (3d. Cir. Oct. 26, 2007).

*III. Discussion*

    *A.  Career Offender Enhancement*

First, Simmons argues that our initial evaluation of his habeas motion misconstrued his claim regarding the application of the career offender enhancement.  According to Simmons, his "actual innocence claim is whether the plea agreement, which makes no mention of any sentencing enhancement for career offender, violates the Sixth Amendment."  (doc. 71, p. 1).  Simmons cites *United States v. Wingate*, 153 Fed. Appx. 197, 199 (4th Cir. 2005) (nonprecedential), which found that a district court erred by applying a § 4B1.1 career offender enhancement when the facts

supporting the enhancement were neither admitted by the defendant nor found by a jury beyond a reasonable doubt.[1]

As discussed in our prior order, a judge may consider the fact of a prior conviction even though it is not admitted by the defendant or proved to a jury. *See* doc. 69 (discussing *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)). To the extent Simmons is arguing that the career offender enhancement was improperly applied because it was not explicitly mentioned in the plea agreement, we also disagree. The career offender enhancement is found in § 4B1.1 of the United States Sentencing Guidelines, the application of which Simmons agreed to in his plea agreement. *See* doc. 39, p. 1. Second, the prior convictions supporting the application of § 4B1.1 were included in the Pre-Sentence Report. Simmons did not object to the Pre-Sentence Report. Third, Simmons was informed, both in his plea agreement and during the plea hearing, that he faced a maximum period of twenty years' imprisonment and that the exact sentence would be determined by the Court. (doc. 63, p. 7).

---

[1] This unpublished decision from beyond our circuit appears to conflict with a subsequent, published Fourth Circuit decision, *United States v. Thompson*, 421 F.3d 278, 282 (4th Cir. 2005). *See United States v. Lyles*, No. 03-544, 2006 WL 1466843 (D.D.C. May 25, 2006) (discussing *Wingate* and *Thompson* and concluding that "any persuasive value [*Wingate*] might have had was extinguished" by *Thompson*).

Therefore, consistent with our prior order, we reject Simmons' claim.

    *B.   Ineffective Assistance of Appellate Counsel Claim*

Simmons also claims that he received ineffective assistance of appellate counsel in violation of his Sixth Amendment rights. Simmons' claim concerns appellate counsel's failure to challenge the basis for the search of his person which uncovered cocaine base. According to Simmons, he was prejudiced by counsel's failure to raise this issue on appeal because the argument would have succeeded.

The circumstances leading to Simmons' arrest began with a stop for traffic violations. Upon approaching the car Simmons was driving, the police officer noticed the scent of marijuana from the driver's side window. After a second officer arrived and noticed the same smell, the officers obtained consent to search the vehicle from its owner, Chanika Brown. The search revealed a blunt in the car's ashtray which field-tested positive for marijuana. After placing Simmons under arrest, the officers searched Simmons' person, finding a large sum of cash and cocaine base.

In denying Simmons' motion to suppress the cocaine base, we concluded that consent and probable cause established by the

detection of burnt marijuana odor resulted in a valid search of Simmons' vehicle. (doc. 35, p. 8) (quoting *United States v. Ramos*, 443 F.3d 304, 308 (3d Cir. 2006)). In conducting the vehicle search, the officers found an ashtray containing ash and the end of a blunt, the contents of which field-tested positive for marijuana. *Id*. at 9. The marijuana provided probable cause to arrest Simmons and the search incident to his arrest yielded the discovery of cocaine base on his person. *Id*. Therefore, we concluded that the cocaine base was obtained through a valid search incident to arrest. The Third Circuit affirmed our denial of the suppression motion, citing the odor of marijuana and the blunt as creating probable cause to arrest Simmons and conduct a search incident to arrest. *Simmons*, 2007 WL 3122169 at *3.

According to Simmons, appellate counsel should have challenged the validity of his arrest and the subsequent search. (doc. 67, p. 8). Specifically, Simmons argues that the blunt obtained through the vehicle search was never submitted to the Pennsylvania State Police for lab testing. *Id*. Without the blunt, Simmons argues, his arrest and the search incident to arrest were invalid. *Id*. Simmons claims that counsel could have successfully made this argument on direct appeal.

In *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth

the test for ineffective assistance of counsel claims. Pursuant to *Strickland*'s two-pronged test, a petitioner must show that counsel's representation fell below an objective standard of reasonableness and that the deficient representation was prejudicial. *Id*. at 688.[2] The *Strickland* test extends to claims regarding counsel's performance on appeal. *Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed. 756 (2000), *citing Smith v. Murray*, 477 U.S. 527, 535-36 (1986). *See also United States v. Mannino*, 212 F.3d 835, 840 n.4 (3d Cir. 2000). With respect to the prejudice prong, the petitioner must show that "there is a reasonable probability that the result of the *appeal* would have been different had counsel's stewardship not fallen below the required standard." *Mannino*, 212 F.3d at 845.

As we concluded in denying Simmons' suppression motion, the arresting officers found the crack cocaine on Simmons' person during a search incident to a valid arrest. The marijuana found in the blunt in the ashtray during the vehicle search created probable cause to arrest Simmons and conduct the search incident to arrest. Simmons' argument that the absence of a reference to the blunt in the subsequent lab report negates the officers' probable cause to arrest is without merit. In considering the

---

[2] The court need not address both prongs if the petitioner has failed to satisfy one of them. *Strickland*, 466 U.S. at 697.

suppression motion, we credited the officer's testimony that the arrest was made after he field-tested the substance in the blunt and determined that it contained marijuana.  This, along with the odor of marijuana, provided the probable cause necessary to arrest Simmons and conduct the search incident to arrest.  *See* doc. 35, p. 9 (discussing the probable cause standard).  *See also United States v. Crespo*, 868 F. Supp. 79, 85 (M.D. Pa. 1994) (Conaboy, J.), *aff'd* 60 F.3d 818 (3d Cir. 1995) (unpublished) (explaining that a positive field test, taken at the scene, in and of itself constitutes probable cause to arrest and conduct a search incident to arrest).  That the subsequent PSP lab report confirms that the substance in the ashtray in which the blunt was originally found contained marijuana does not undermine the probable cause supporting the officer's arrest.

     Simmons could not have been prejudiced by counsel's failure to present an argument which would not have been successful on direct appeal.  Under *Strickland*, we need only address the prejudice prong of Simmons' ineffective assistance of appellate counsel claim.  466 U.S. at 697.  Therefore, we will dismiss Simmons' habeas motion.

*IV.   Certificate of Appealability*

　　　　Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue if Simmons "has made a substantial showing of the denial of a constitutional right." Based on the above analysis, we will not issue a certificate of appealability for Simmons' § 2255 motion. Simmons is advised, however, that he has the right for thirty (30) days to appeal our order denying his petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22; Local Rule of Appellate Procedure 22.1.

　　　　　　　　　　　　　　　　　　/s/William W. Caldwell
　　　　　　　　　　　　　　　　　　William W. Caldwell
　　　　　　　　　　　　　　　　　　United States District Judge

Date: July 25, 2008

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,      :
        Plaintiff
                               :

        vs.                    :    CRIMINAL NO. 1:CR-06-041
                                    CIVIL NO. 1:CV-08-0048
                               :
CEDRIC D. SIMMONS,
        Defendant              :
```

*O R D E R*

AND NOW, this 25th day of July, 2008, upon consideration of Defendant Cedric Simmons' motion under 28 U.S.C. § 2255 (doc. 67), and pursuant to the accompanying Memorandum, it is ordered that:

 1. Defendant's motion is denied;

 2. A certificate of appealability is denied;

 3. The Clerk of Court shall close this file.

                                   /s/William W. Caldwell
                                   William W. Caldwell
                                   United States District Judge